## No. 17,543.

CASSIO FRAZZINI, ET AL. *v.* CITY AND COUNTY OF DENVER, ET AL.

(292 P. [2d] 337)

Decided January 16, 1956.

Mr. WAYNE D. WILLIAMS, for plaintiffs in error members of the police department.

Mr. E. B. EVANS, for plaintiff in error Edgar L. Scott.

Mr. HAROLD A. MACARTHUR, for plaintiffs in error members of the fire department.

Mr. JOHN C. BANKS, Mr. HORACE N. HAWKINS, JR., for defendants in error.

*En Banc.*

MR. JUSTICE LINDSLEY delivered the opinion of the Court.

THIS action was originally commenced by the City and County of Denver and the members of its Civil Service Commission to obtain a declaratory judgment adjudging whether the time spent by defendants in military service of the United States is to be included in computing the time defendants shall have served in the fire or police departments of Denver within the meaning of paragraph (10) of the amendment to the Charter of Denver, concerning such departments, adopted June 16, 1953.

Throughout this opinion we shall refer to the parties as they were designated in the court below.

All of the defendants herein were members of the fire and police department, whose continuity of service as members thereof was interrupted by the time consumed in military service, and our opinion is limited to this issue.

Paragraph (10) of the amendment to the Charter of Denver adopted June 16, 1953, reads as follows:

"(10)  The sum of ten dollars per month as salary in addition to the annual salary herein set forth shall be paid to each officer or member of the fire or police department, except for the chief of the fire department, who shall have served in the department for ten years or more but less than twenty years. The sum of ten dollars per month as salary in addition to the annual salary and the ten dollars per month hereinbefore set forth, shall be paid to each officer or member of the fire or

police department, except for the chief of the fire department, who shall have served in the department for twenty years or more."

Defendants comprise those members of the fire and police departments who by reason of their military service are directly concerned in the determination of this matter. All of the defendants would be eligible for additional pay provided by said Charter provision if their respective periods of military service are to be included as time "served in the department" within the meaning of the provision above quoted.

The complaint, after alleging the capacities of the plaintiffs, the joint interest of defendants in the subject matter, and the assertion against them of rights arising out of the same transaction and involving questions of law common to all defendants, alleges that certain of the defendants commenced their service in said departments more than ten but less than twenty years prior to the filing of the complaint but had been in military service for such a period as to prevent their having served actively in the department for ten years or more; that others of the defendants have by reason of similar military service not actively served in the said departments for twenty years or more; that on June 16, 1953, the people of Denver adopted an amendment to the Charter of Denver, paragraph (10) of which provided $10.00 additional monthly salary to members of the fire and police departments who shall have served in the department ten years or more, and an additional $10.00 monthly salary for members of such departments who shall have served in the department twenty years or more; that plaintiffs have been advised by their attorney that periods of military service can not be counted as periods of service in either of said departments, but that defendants contend that such periods must be counted as service in such department; that to settle and determine the respective rights of the parties, and to avoid a multiplicity of suits, a declaratory judgment is needed; and that the Mayor of

Denver has in writing directed that the suit be brought. The complaint ends with a prayer for declaratory judgment of the respective rights of the parties under said paragraph (10) of said Charter Amendment, and for general relief.

Defendants, in their answer, joined issue with the allegations of the complaint by denying that the respective defendants had not performed the required number of years of service to merit the additional pay provided, and in a second and further defense alleged that the Civil Service Commission of Denver over a long period of years has made and applied a series of administrative constructions of the phrase "served in the department," or phrases of identical meaning, under which the Commission has ruled that periods of military service rendered by members of the fire and police departments shall be counted as periods of service in said departments. Defendants further alleged that continuously since 1925 the Commission has followed the rule of granting officers in the classified service credit for time spent in military service; that following World War I the Civil Service Commission authorized and approved the inclusion of periods of military service in determining the time in service necessary for advancements from fourth to third, second, and first grade patrolman or fireman, as provided in Section 319 of the Charter; that on July 9, 1946, the Civil Service Commission continued this practice by adopting a resolution that service in the armed forces would be accepted in lieu of service in the department, and that officers performing such military service would upon reinstatement be advanced to the grade they would have attained had their active service with the department not been interrupted by military service; that this resolution remained in force and effect at the time when the Charter Amendment in controversy was approved by the people.

Upon trial the plaintiffs submitted evidence substantiating the allegations of their complaint, and the defend-

102

ants' evidence supported the allegations of their affirmative defenses and there was no conflict or contradiction in the testimony. Evidence was produced showing that just prior to the institution of this suit the Civil Service Commission passed a resolution denying credit for military service in computing the duration of the service under section 10 of the 1953 Charter Amendment, actually paving the way for the institution of this action. The trial court correctly held that there was a justiciable controversy for judicial determination by declaratory judgment and in its findings and declaratory judgment decided that the time spent in military service by the defendants was not active service in the department and therefore defendants were not entitled to credit in the computation of time served within the meaning of paragraph (10) of the Charter Amendment.

In its findings the trial court stated that it considered the case of *McNichols v. Police Ass'n.* 121 Colo. 45, 215 P. (2d) 303, as controlling and decisive of the instant case. After rendition of this judgment the defendants are here by writ of error.

The crux of the question before us is whether the trial court was correct in denying credit for time consumed in the military services, by virtue of the authority of the decision in the McNichols case, supra, under the provisions of the new Charter Amendment (10) here involved and which was adopted June 16, 1953. In the McNichols case the court construed a Charter Amendment adopted by the people in May, 1947, and the pertinent portion of which reads as follows:

"Any member of the Denver Police Department in the classified service who shall have completed twenty-five years of *active* service in said department, shall, upon his request, be retired from further service in said department and such member shall thereafter, during his lifetime, be paid in equal monthly installments from the 'Pension and Relief Fund' a pension equal to one-half (½) of the average monthly rate of Salary which such

member shall have received in such department during the one year preceding the date of the termination of the said member's twenty-five years of *active* service." (Italics ours.)

At page 53 of *McNichols v. Police Ass'n,* supra, we said:

"The charter amendment of June 1, 1947, unlike the firemen's pension statute, has no provision allowing time spent in military service to be included in time spent in active service in the department in computing time for eligibility for pensions. It specifically requires twenty-five years of *active* service which would seem not to include passive or substitute service, or time consumed while on leave of absence. Furthermore, the active service must be service in the department."

That decision was rendered November 28, 1949. Thereafter on June 16, 1953, the present amendment was enacted and the word "active" was deleted from paragraph (10) of section 319 of said Charter Amendment. Sections 8 and 12 of said amendment of 1953 contained the words "active service." It thus becomes obvious that with the decision in the McNichols case before them the drafters of this amendment must have deleted the word "active" from it for a purpose, hence the McNichols case is not controlling in the instant case.

No strained construction of the phrase "in the department" is appropriate in the instant action since credit for service in another department of the City and County of Denver is not, and was not, contemplated by the amendment. While the Charter of the City and County of Denver sets up various departments, the amendment here involved is pertinent to but one of them, the fire and police department.

We conclude that the 1953 amendment of paragraph (10) of the Denver Charter, authorizes the allowance of credit for military service in computing the period of service entitling a member of the department to the

additional pay provided thereby; such military service being considered as not interrupting the continuity of service of such member in the department. The trial court erred in holding otherwise.

The judgment is reversed and the cause remanded with directions to enter judgment for the defendants in harmony with the views herein expressed.